1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
    KRISTA L. COSNER (State Bar No. 213338)
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, California 94105
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   Attorneys for Defendants
    SMITHKLINE BEECHAM CORPORATION dba
6   GLAXOSMITHKLINE and McKESSON
    CORPORATION
7

ENDORSED
F I L E D
San Francisco County Superior Court

NOV 2 1 2007

GORDON PARK-LI, Clerk
BY:  MICHAEL RAYRAY
           Deputy Clerk

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN FRANCISCO

10

11  JAMES HALL,                              Case No. CGC-07-468088

12               Plaintiff,                  **NOTICE OF REMOVAL AND
                                             REMOVAL TO FEDERAL COURT,
13        v.                                 UNDER 28 U.S.C. § 1441(B)
                                             (DIVERSITY) AND 28 U.S.C. § 1441(C)
14  SMITHKLINE BEECHAM                       (FEDERAL QUESTION) OF
    CORPORATION dba                          DEFENDANTS SMITHKLINE
15  GLAXOSMITHKLINE and McKESSON             BEECHAM CORPORATION dba
    CORPORATION,                             GLAXOSMITHKLINE**
16
                 Defendants.
17

18

19  TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that Defendants SMITHKLINE BEECHAM

21  CORPORATION dba GLAXOSMITHKLINE and McKESSON CORPORATION

22  removed the above-entitled action to the United States District Court for the Northern

23  District of California, on November 20, 2007. A true and correct copy of the Notice of

24  Removal and Removal Action is attached to this Notice as Exhibit A.

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    Dated: November 20, 2007                    DRINKER BIDDLE & REATH LLP

2

3                                                KRISTA L. COSNER

4                                                Attorneys for Defendants
                                                 SMITHKLINE BEECHAM
5                                                CORPORATION dba
                                                 GLAXOSMITHKLINE and McKESSON
6                                                CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT



1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
2  KRISTA L. COSNER (State Bar No. 213338)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  SMITHKLINE BEECHAM CORPORATION dba
   GLAXOSMITHKLINE and McKESSON
7  CORPORATION

ORIGINAL
FILED

NOV 2 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8
9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11                 SAN FRANCISCO DIVISION

JL

5887

12  JAMES HALL,                          Case No. cv 07
13                  Plaintiff,           NOTICE OF REMOVAL AND
                                         REMOVAL ACTION UNDER 28 U.S.C.
14         v.                            § 1441(B) (DIVERSITY) and 28 U.S.C. §
                                         1441(C) (FEDERAL QUESTION) OF
15  SMITHKLINE BEECHAM                   DEFENDANT SMITHKLINE
    CORPORATION dba                      BEECHAM CORPORATION d/b/a
16  GLAXOSMITHKLINE and McKESSON         GLAXOSMITHKLINE
    CORPORATION,
17
                    Defendants.
18

19  TO THE CLERK OF THE COURT:

20         Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"),

21  hereby removes to this court, the state action described below. Removal is warranted

22  under 28 U.S.C. §1441 because this is an action over which this Court has original

23  jurisdiction under 28 U.S.C. §§ 1331 and 1332.

24  I.    BACKGROUND

25         1.     On October 11, 2007, Plaintiff James Hall ("Plaintiff"), represented by The

26  Miller Firm of Orange, Virginia, filed an action in the Superior Court of the State of

27  California for the County of San Francisco, titled *James Hall v. Smithkline Beecham*

28  *Corporation d/b/a GlaxoSmithKline, and McKesson Corporation*, Case No. CGC 07-

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   468088 ("the/this action"). A true and correct copy of the Complaint in the action is

2   attached as Exhibit "A." to the Declaration of Krista L. Cosner In Support of Notice of

3   Removal and Removal Action Under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. §

4   1441(c) (Federal Question) of Defendant SmithKline Beecham Corporation dba

5   GlaxoSmithKline (hereinafter "Cosner Decl.").

6          2.    Defendants filed their answer to Plaintiff's Complaint on November 19,

7   2007. *See* Cosner Decl. Exh. B. There have been no additional proceedings in the state

8   court action. Cosner Decl. ¶ 3.

9          3.    This is one of many cases that have been filed recently in both federal and

10   state courts across the country involving the prescription drug Avandia®. Cosner Decl. ¶

11   6. Plaintiffs' counsel, The Miller Firm, has filed Avandia cases in both state and federal

12   courts, but only in the cases filed in California has The Miller Firm named McKesson or

13   any distributor as a defendant. Cosner Decl. ¶ 7.

14         4.    On October 16, 2007, the Judicial Panel on Multidistrict Litigation

15   ("JPML") issued an order directing that then-pending Avandia-related cases be

16   transferred and coordinated for pretrial proceedings in the United States District Court for

17   the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to

18   28 U.S.C. §1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*

19   *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is

20   attached as Exhibit "C" to Cosner Decl.). Additional Avandia-related cases pending in

21   federal court, which are common to the actions previously transferred to the Eastern

22   District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along

23   actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).

24   GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*

25   *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and

26   shortly will provide the JPML with notice of this action pursuant to the procedure for

27   "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 8.

28         5.    As more fully set forth below, this case is properly removed to this Court

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

SF1\392028\2

NOTICE OF REMOVAL AND REMOVAL                                          CASE NO.

1  pursuant to 28 U.S.C. §1441 because GSK has satisfied the procedural requirements for

2  removal and this Court has subject matter jurisdiction over this action pursuant to 28

3  U.S.C. §§ 1331 and 1332.

## II.    DIVERSITY JURISDICTION

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332

because this is a civil action in which the amount in controversy exceeds the sum of

$75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    Diversity of Citizenship

7.    Plaintiff James Hall alleges that he is a resident of the State of South

Carolina. *See* Cosner Decl. Exh. A, 9:15-16. Accordingly, Plaintiff is a citizen of the

State of South Carolina.

8.    GSK is, and was at the time Plaintiff commenced this action, a corporation

organized under the laws of the Commonwealth of Pennsylvania with its principal place

of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for

purposes of determining diversity.  28 U.S.C. § 1332(c)(1); Cosner Decl. ¶ 9.

9.    The remaining named defendant, McKesson, is a Delaware corporation

with its principal place of business in San Francisco, California, and therefore is a citizen

of California. *See* Cosner Decl. Exh. D. ¶ 3.

10.    Accordingly, there is complete diversity of citizenship between Plaintiff

and defendants.

11.    As explained in detail below, McKesson is fraudulently joined in this

lawsuit and its citizenship must be ignored for the purpose of determining the propriety of

removal. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, the forum defendant rule is not implicated in this case.

12.    Even if McKesson were not fraudulently joined, there would be complete

diversity between Plaintiff and defendants, and McKesson's California citizenship would

not affect this Court's jurisdiction. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933

(9th Cir. 2006) (holding that the forum defendant rule limitation on diversity-based

1  removal jurisdiction is a procedural, or non-jurisdictional, rule).

2  **B.    The Amount In Controversy Requirement Is Satisfied**

3       13.    It is apparent on the face of the Complaint that Plaintiff seeks an amount in

4  controversy in excess of $75,000, exclusive of costs and interest.

5       14.    Plaintiff alleges that as a result of his Avandia use, he sustained "physical

6  and financial damages including pain and suffering." *See* Cosner Decl. Exh. A, 32:18-19.

7  He further alleges "severe and permanent physical injuries." *See id.* at 49:20.

8       15.    Plaintiff claims to have "suffered extensive monetary and pecuniary losses

9  and other compensatory damages," and to have "incurred and paid out necessary medical,

10 hospital, and concomitant expenses," which he alleges will continue into the future. *See*

11 Cosner Decl. Exh. A, 40:2-4, 49:22-23.

12      16.    Plaintiff seeks actual, punitive and exemplary damages. *See* Cosner Decl.

13 Exh. A, 41:6-8, 49:3-4.

14      17.    Punitive damages are included in the calculation of the amount in

15 controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

16      18.    Given the allegations set forth above, the face of the Complaint makes clear

17 that Plaintiff seeks an excess of $75,000, exclusive of interest and costs. *See Simmons v.*

18 *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

19 **C.    The Citizenship Of McKesson Must Be Ignored Because McKesson Is**
20 **Fraudulently Joined**

21      19.    A defendant is fraudulently joined, and its presence in the lawsuit is

ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of

22 action against the resident defendant, and the failure is obvious according to the settled

23 rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

24 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, ____ F.3d. ___,

25 (9th Cir. 2007), 2007 WL 2080179 at *1 (9th Cir. 2007).

26      20.    McKesson is fraudulently joined because Plaintiff has failed to make any

27 material allegations against it. *See Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

4

1    (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material

2    allegations against [the in-state defendants] are made").  Plaintiff specifically alleges that

3    Avandia was created and marketed by GSK; that GSK had longstanding knowledge of

4    Avandia-related dangers which GSK failed to adequately warn and disclose to

5    consumers; that GSK concealed, suppressed and failed to disclose these referenced

6    dangers; that GSK has represented and has continued to represent that it manufactures

7    and/or sells safe and dependable pharmaceuticals; that GSK has failed to adequately warn

8    or inform consumers, such as Plaintiff or Plaintiff's prescribing physician of known

9    defects in Avandia; and that as a result of GSK's omissions and/or misrepresentations,

10   Plaintiff ingested Avandia. *See* Cosner Decl. Exh. A, at ¶¶ 20:14, 24:20-22, 25:5-6, 26:9-

11   10, 31:12-13, 32:17-18.

12         21.    Plaintiff fails to make any specific material allegations against McKesson,

13   and does not allege that he ingested Avandia that was distributed by McKesson,

14   compelling the conclusion that Plaintiff fraudulently joined McKesson in an attempt to

15   use the forum defendant rule.  *See e.g., Lyons v. American Tobacco Co.*, No. Civ. A. 96-

16   0881-BH-S, 1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (holding that there is "no

17   better admission of fraudulent joinder of [the resident defendants]" than the failure of the

18   plaintiff "to set forth any specific factual allegations" against them).  Plaintiff cannot cure

19   this deficiency by simply relying on allegations directed toward "Defendants" or GSK

20   alone.

21         22.    In the body of his Complaint, Plaintiff asserts claims of: (1) negligence; (2)

22   negligent failure to warn; (3) negligence per se; (4) negligent misrepresentation; (5)

23   breach of express warranty; (6) breach of implied warranty; (7) strict products liability –

24   defective design; (8) strict products liability – manufacturing and design defect; (9) strict

25   products liability – failure to adequately warn; (10) fraudulent misrepresentation; and

26   (11) violations of California Unfair Trade Practices and Consumer Protection Law.  In

27   these allegations, Plaintiff avers that collectively, "Defendants" or "Defendants GSK and

28   McKesson," defectively designed and manufactured the product; concealed knowledge of

1    unreasonably dangerous risks associated with the product; failed to conduct adequate and

2    sufficient pre-clinical testing and post-marketing surveillance of the product; failed to

3    provide FDA with complete and adequate information regarding the product; failed to

4    warn consumers and/or their health care providers of certain risks associated with the

5    product; failed to utilize adequate and non-misleading labeling; and made affirmative

6    misrepresentations and omissions regarding the risks associated with taking Avandia. All

7    of these claims are substantively based on the design and manufacture of the product,

8    failure to warn, fraudulent concealment, and inadequate pre-clinical testing and post-

9    marketing surveillance. As a wholesale distributor of Avandia, McKesson played no role

10    in its testing, marketing or advertising. All McKesson did was pass along unopened

11    bottles of Avandia, in unadulterated form, to hospitals and other businesses in the

12    healthcare industry. *See* Cosner Decl. Exh. D, ¶¶ 6-7.[1]

13        23.    Further, based on the "learned intermediary" doctrine, McKesson bore no

14    duty to warn Plaintiff. The "learned intermediary" doctrine, the foundation of

15    prescription drug product liability law, provides that the duty to warn about a drug's risks

16    runs from the manufacturer to the physician (the "learned intermediary"), and then from

17    the physician to the patient. *See Brown v. Superior Court* (*Abbott Labs.*), 44 Cal. 3d

18    1049, 1061-62, n.9 (1988); *Carlin v. Superior Court* (*Upjohn Co.*), 13 Cal. 4th 1104,

19    1116 (1996). It is the physician, and only the physician, who is charged with prescribing

20    the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44

21    Cal. 3d at 1061-62.

22        24.    GSK and the FDA prepared the information to be included with the

23

24        [1] The Declaration of McKesson's representative, Greg Yonko, may be considered by the Court in

25    determining whether whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*,
412 F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record,

26    and determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455
(E.D. Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder…federal courts may look

27    beyond the pleadings to determine if the joinder…is a sham or fraudulent device to prevent removal").
*See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented

28    by the removing party that there is no factual basis for the claims pleaded against the local defendant).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\392028\2    NOTICE OF REMOVAL AND REMOVAL    CASE NO.

1    prescription drug, Avandia, with the FDA having final approval of the information that

2    could be presented.  Once the FDA has determined the form and content of the

3    information, it is a violation of federal law to augment the information.  *See* 21 U.S.C.

4    §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration,

5    mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

6    of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d at 1069

7    n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs,

8    including the content of their warning labels).  Therefore, any safety information

9    McKesson had about Avandia would have come from GSK in the form of FDA-approved

10   packaging and labeling.  McKesson could not change the labeling it was given by GSK as

11   approved by the FDA without violating federal law.  No duty can be found where it

12   requires a party to violate the law to fulfill it.

13       25.    As such, given the lack of a causal connection between the injuries alleged

14   by Plaintiff and McKesson's conduct, as well as the absence of any legal or factual basis

15   for Plaintiff's claim against McKesson, McKesson's joinder is fraudulent and its

16   citizenship should be ignored for purposes of determining the propriety of removal.

17   **III.    FEDERAL QUESTION JURISDICTION**

18       26.    This Court also has federal question jurisdiction over Plaintiff's claims

19   under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc.*

20   *v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

21       27.    As more fully explained below, Plaintiff has made violations of federal law

22   critical elements of several of his claims.

23       **A.    Plaintiff's Claims Require Construction and Application of the FDCA**
             **and Its Implementing Regulations**

24

25       28.    Count III of Plaintiff's Complaint, "Negligence Per Se," explicitly alleges

26   that defendants violated federal law.  Plaintiff claims, *inter alia,* that "[d]efendants

27   "violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301 *et seq.,*

28   related amendments and codes and federal regulations provided thereunder, and other

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

7

1   applicable laws, statutes, and regulations." *See* Cosner Decl. Exh A, ¶ 53.

2        29.   Plaintiff further claims that "[d]efendants' acts constituted an adulteration

3   and/or misunderstanding *[sic]* as defined by the Federal Food, Drug and Cosmetic Act,

4   21 U.S.C. § 331. . . . " *See* Cosner Decl. Exh A, ¶ 55.

5        30.   Moreover, Count II of the Plaintiff's Complaint, "Negligent Failure to

6   Adequately Warn," and Count IX, "Strict Products Liability – Failure to Adequately

7   Warn," also require construction and application of the FDCA and implementing federal

8   regulations, which govern approval of prescription drugs and regulate prescription drug

9   manufacturers' public and promotional statements, including all aspects of warnings and

10  labeling.

11       31.   As a currently-marketed prescription drug, Avandia is subject to extensive

12  regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and

13  effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and

14  officially reviewing clinical research and taking appropriate action on the marketing of

15  regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority

16  to promulgate regulations to enforce the FDCA, which are codified in the *Code of*

17  *Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).

18       32.   To accomplish its purpose, the FDA maintains a Center for Drug

19  Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical

20  companies' development, testing and research, and manufacture of drugs. The CDER

21  examines data generated by these companies to conduct a risk/benefit analysis and make

22  an approval decision. The CDER also ensures truthful advertising for prescription drugs,

23  in part by approving Package Inserts that properly outline benefit and risk information.

24  Once drugs are marketed, the CDER continues to monitor them for unexpected health

25  risks that may require public notification, a change in labeling, or removal of the product

26  from the market. In short, the CDER evaluates and monitors the effectiveness and safety

27  of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

28       33.   Promotional communications to physicians about Avandia are contained

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  within, and restricted by, warning, labeling, and promotional materials, such as the

2  Package Insert, that are approved and monitored by the FDA to ensure the provision of

3  accurate information about the drug's respective risks and benefits.  Under federal

4  regulations, even claims in promotional labeling or advertising must be consistent with

5  approved labeling.  21 C.F.R. § 202.1(e)(4) (2005).

6         34.    The FDA's responsibility to regulate prescription drugs sold in the United

7  States, and to enforce laws with respect to such drugs, inclusive of the precise content

8  and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions,

9  adverse reaction information provided by manufacturers, and marketing materials), is

10 plenary and exclusive.  *See* 21 U.S.C. § 301, *et seq*.

11        35.    Plaintiff has explicitly alleged violations of federal law in his "Negligence

12 Per Se" claim, and has made alleged violations of federal law a critical element of his

13 "Negligent Failure to Adequately Warn" and his "Strict Products Liability – Failure to

14 Adequately Warn" claim.  Accordingly, Plaintiff's claims necessarily raise substantial

15 federal questions by requiring the Court to construe and apply the FDCA and its

16 implementing regulations.

17        **B.    Federal Control of Drug Labeling and Warning**

18        36.    On January 24, 2006, the FDA announced a rule that includes a detailed

19 and emphatic statement of the FDA's intention that its regulation and approval of

20 prescription drug labeling preempt most state law claims related to the adequacy of

21 prescription drug warnings because such claims frustrate "the full objectives of the

22 Federal law."  *See* Requirements on Content and Format of Labeling for Human

23 Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA

24 believes that under existing preemption principles, FDA approval of labeling under the

25 act. . . . preempts conflicting or contrary State law.").  *See also In re Bextra and*

26 *Celebrex Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex

27 decision); *In re Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal., August

28 24, 2006) (Bextra decision).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

37.    Plaintiff alleges that GSK failed to disclose certain risks of Avandia.  *See e.g.,* Cosner Decl. Exh A., ¶ 24:21-2.  This allegation necessarily requires Plaintiff to establish that the FDA, which has exclusive jurisdiction over the labeling of prescription drugs, would have approved the warning the Plaintiff alleges should have been given.

38.    Accordingly, there is a substantial federal question with respect to whether Plaintiff can claim that GSK violated state law in light of the FDA's control of Avandia's labeling and warning and its position on conflict preemption.

**C.    The Federal Interest In Providing A Forum**

39.    The federal government has a strong interest in having a federal court decide several of the issues in this case.  Among these issues are:

a.    whether any conduct of GSK violated any federal laws or regulations related to the labeling and marketing of Avandia; and

b.    whether the FDA-approved Avandia label was false and misleading, as alleged by Plaintiff, and whether a state may impose liability on GSK for not providing more information regarding certain risks, as Plaintiff contends GSK should have done.

40.    Plaintiff's claims may be vindicated or defeated only by construction of federal statutes and regulations.  The availability of a federal forum to protect the important federal interests at issue is therefore consistent with *Grable,* and determination by a federal court of the substantial and disputed federal issues that lie at the heart of this case would not "disturb any congressionally approved balance of federal and state judicial responsibilities."  *Grable,* 125 S. Ct. at 2368.

**IV.    CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

41.    This Court has jurisdiction over this matter based on federal question and diversity of citizenship, and the present lawsuit may be removed from the Superior Court of the State of California for the County of San Francisco, and brought before the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

1    42.    Service of the Complaint was made upon GSK on October 25, 2007.

2  Cosner Decl. ¶ 10. On October 24, 2007, McKesson was served with Plaintiff's

3  Complaint. *See* Cosner Decl. Exh. D, ¶ 4. Therefore, this Removal has been timely filed

4  within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

5    43.    All of the properly joined and served defendants consent to this removal.

6  Although McKesson's consent to remove is not necessary because it is fraudulently

7  joined, McKesson nonetheless consents to removal. *See* Cosner Decl. Exh. D, ¶ 5. *See*

8  *also, e.g. Easley v. 3M Company, et al.*, 2007 WL 2888335 (N.D. Cal. 2007) *citing*

9  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

10    44.    The United States District Court for the Northern District of California is

11  the federal judicial district encompassing the Superior Court of the State of California for

12  the County of San Francisco, where this suit was originally filed. Venue therefore is

13  proper in this district under 28 U.S.C. § 1441(a).

14    45.    Pursuant to the provisions of 28 U.S.C §1446(d), GSK will promptly file a

15  copy of this Notice of Removal with the clerk of the Superior Court of the State of

16  California for the County of San Francisco, where this suit was originally filed.

17    46.    Defendant reserves the right to amend or supplement this Notice of

18  Removal.

19    47.    WHEREFORE, GSK respectfully removes this action from the Superior

20  Court of the State of California for the County of San Francisco to the United States

21  District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441.

22

23  Dated: November 20, 2007                      DRINKER BIDDLE & REATH LLP

24

25                                               DONALD F. ZIMMER, JR.
                                                 KRISTA L. COSNER

26                                               Attorneys for Defendants
27                                               SMITHKLINE BEECHAM
                                                 CORPORATION dba
28                                               GLAXOSMITHKLINE and McKESSON
                                                 CORPORATION

**CERTIFICATE OF SERVICE**

I, LEE ANN L. ALLDRIDGE, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On November 20, 2007, I caused to be served the following document(s):

**NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) AND 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANTS SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑    BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐    BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐    BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐    BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

David C. Anderson
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 20, 2007 at San Francisco, California.

LEE ANN L. ALLDRIDGE

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Fl
San Francisco, CA 94105

SF1\391764\1