**FILED**

APR 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1871

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in nine actions listed on Schedule A and pending in the Central District of California (one action) and the Northern District of California (eight actions), respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant SmithKlineBeecham Corp. d/b/a/ GlaxoSmithKline (GSK) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these nine actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions arising from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

Movants argue that these actions involve unique claims concerning the marketing and promotion of Avandia in California, and focus on alleged violations of state statutory and common law. Section 1407, however, does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[*] Judges Heyburn and Scirica took no part in the disposition of this matter.

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 4/11/08

ATTEST: _Tom Dupsey_

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- 2 -

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*    J. Frederick Motz
Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  Anthony J. Scirica*

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION       MDL No. 1871

### SCHEDULE A

#### Central District of California

Leslie Boone v. GlaxoSmithKline Corp., et al., C.A. No. 2:07-7699

#### Northern District of California

Dorothy Bone, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5886
James Hall v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5887
James Jefferson v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5888
George Fisher v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5889
Hector Thornton v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5890
Ivan Upshaw v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5891
Rose Hefner, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6050
Richard Bowles, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6328